| | |
|---|---|
| CHRISTOPHER TERAN WALKER, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | **ON INITIAL REVIEW** |
| PATRICIA BLACKBURN, et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1]. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 1, 5].

**I.  BACKGROUND**

Pro se Plaintiff Christopher Teran Walker ("Plaintiff") is a prisoner of the State of North Carolina incarcerated at Eastern Correctional Institution in Maury, North Carolina. He filed this action on March 10, 2026, naming Patricia Blackburn, identified as the Superintendent of Lincoln Correctional Center ("LCC"), and Billy Ellis, identified as a Sergeant at LCC, as Defendants. [Doc. 1]. Plaintiff sues Defendant Blackburn in her official capacity and Defendant Ellis in his individual and official capacities. [Id. at 2]. Plaintiff improperly purports to bring this action pursuant to Bivens, which does not apply here. [Id. at 3]. The Court will consider Plaintiff's Complaint under 42 U.S.C. § 1983. Plaintiff alleges as follows.

Plaintiff is a "well-documented" type 2 insulin-dependent diabetic. On October 23, 2024, at LCC in F dorm, Plaintiff was showing symptoms of increased blood sugar levels. He was pepper sprayed in the face by Defendant Ellis for being unable to comply with commands while experiencing elevated blood sugar levels. Defendant Ellis did not provide any access to medical

treatment for Plaintiff's elevated blood sugar levels or after Plaintiff was pepper sprayed. [Id. at 5]. As a result of receiving no medical treatment after the use of force for over six hours, Plaintiff lost all sight in his left eye. [Id.].

Plaintiff claims that Defendants violated his Eighth Amendment rights to be free from the use of excessive force and deliberate indifference to a serious medical need. [Id. at 3]. Plaintiff alleges having suffered vision loss in his left eye. [Id. at 5]. Plaintiff seeks monetary relief only. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed

2

by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Plaintiff purports to sue Defendant Blackburn, who is a state official, in her official capacity only.  However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Dep't of State Police, 491 U.S. 58, 71 (1989).  Because a state is not a "person" under § 1983, state officials acting in their official capacities cannot be sued for damages thereunder.  Allen v. Cooper, No. 1:19-cv-794, 2019 WL 6255220, at *2 (M.D.N.C. Nov. 22, 2019).  Furthermore, the Eleventh Amendment bars suits for monetary damages against the State of North Carolina and its various agencies.  See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003).  As such, Plaintiff's claims against Defendant Blackburn in her official capacity fail initial review and will be dismissed.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986).  To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm."  Whitley, 475 U.S. at 320-21.

Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously

3

beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment also fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, his Eighth Amendment claim against Defendant Ellis based on the use of excessive force fails initial review. Plaintiff's allegations are insufficient to show that Defendant Ellis acted with a sufficiently culpable state of mind when pepper spraying the Plaintiff. That is, Plaintiff does not allege any other circumstances surrounding the use of force, that Defendant Ellis was aware that Plaintiff is a diabetic, or that Defendant Ellis was aware that Plaintiff was unable to comply with commands because he was experiencing diabetic symptoms. The Court, therefore,

4

will dismiss this claim against Defendant Ellis on initial review.  The Court will, however, allow Plaintiff's medical deliberate indifference claim past initial review as not clearly frivolous.  <u>See</u> <u>Iko</u>, 535 F.3d at 243 (analyzing plaintiff's claim against corrections officers who allegedly failed to permit decontamination and provide medical treatment after he was pepper sprayed as a medical deliberate indifference claim).

## IV.     CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915A as to Plaintiff's individual capacity Eighth Amendment medical deliberate indifference claim against Defendant Ellis.  Plaintiff's remaining claims and the claim against Defendant Blackburn will be dismissed.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that all claims asserted in this matter are hereby **DISMISSED** for failure to state a claim, except for Plaintiff's individual capacity Eighth Amendment medical deliberate indifference claim against Defendant Ellis, which passes initial review.

**IT IS FURTHER ORDERED** that Defendant Blackburn is **DISMISSED** as a Defendant in this matter.

**IT IS FURTHER ORDERED** that the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendant Ellis, who is alleged to be a current or former employee of NCDAC.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.
Signed: March 18, 2026

Kenneth D. Bell
United States District Judge