| | | |
|---|---|---|
| CHRISTOPHER TERAN WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER AND AFFIRMATIVE** |
| v. | ) | **DEFENSES** |
| | ) | |
| PATRICIA BLACKBURN, BILLY | ) | |
| ELLIS., | ) | |
| | ) | |
| Defendants. | | |

**NOW COMES** Defendant Billy Ellis[1], by and through undersigned counsel, answer and respond to Plaintiff Christoper Teran Walker's Complaint [D.E. 1] as follows:

**ANSWERS TO NUMBERED PARAGRAPHS OF FORM COMPLAINT**

**I.  THE PARTIES TO THIS COMPLAINT**

I.A.  To the extent an answer is required to this section of the Form Complaint, Defendant admits that the Plaintiff in this action is Christopher Walker and that at the time the Complaint was filed, he was an inmate at the Eastern Correctional Institution in Maury, North Carolina.  Except as specifically admitted, Defendants denies all other allegations.

---

[1] This Answer applies to Defendant Billy Ellis only. Defendant Patricia Blackburn was dismissed as a Defendant in this matter pursuant to This Court's frivolity order [D.E. 6].

I.B.  It is admitted that, at all times relevant to the Complaint, Defendant was a member of the correctional staff of the North Carolina Department of Adult Correction ("NCDAC") at Lincoln Correctional Center ("Lincoln CC").  It is further admitted that Defendant is sued in his individual capacity.  Except as admitted to herein, the allegations in Section I-B, The Defendants, are denied.

## II.    BASIS FOR JURISDICTION

Answering Section II, Basis for Jurisdiction, there are no allegations directed to Defendant, and the allegations constitute legal conclusions; therefore, no response is required.  To the extent a response is required, it is admitted upon information and belief that Plaintiff's Complaint purports to be a claim under 42 U.S.C. § 1983 and violations of his eighth amendment rights. Except as admitted to herein, the allegations in Section II, Basis for Jurisdiction, are denied.

## III.    PRISONER STATUS

Answering Section III, Prisoner Status, it is admitted that, at all times relevant to the Complaint, Plaintiff was a convicted and sentenced state prisoner. Except as admitted to herein, the allegations in Section III, Prisoner Status, are denied.

## IV.    STATEMENT OF CLAIM

Answering Section IV, Statement of Claim, Defendant denies the allegations that are directed against him.  Defendant further denies that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal or

2

state law, were violated.  Except as specifically admitted herein, the allegations in Section IV, Statement of Claim, including subparagraphs A through D, are denied.

## V.     INJURIES

Answering Section V, Injuries, Defendant denies the allegations that are directed against him.  Defendant further denies that any of Plaintiff's constitutional rights, or any other rights or privileges granted him under federal or state law, were violated.  Except as specifically admitted herein, the allegations in Section V, Injuries, are denied.

## VI.     RELIEF

Answering Section VI, Relief, Defendant denies that compensatory, declaratory, injunctive relief and/or punitive damages can be construed to be sought by Plaintiff herein against Defendant.  It is specifically denied that Plaintiff has asserted any facts sufficient to state a claim for compensatory, declaratory, injunctive relief and/or punitive damages against Defendant.  Except as specifically admitted herein, the allegations in Section VI, Relief, are denied.

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Answering Section VII, Exhaustion of Administrative Remedies, there are no allegations directed to Defendant, and therefore no response is required.  To the extent a response is required, it is admitted that Plaintiff has submitted numerous grievances pursuant to the Administrative Remedy Procedure during the duration

3

of his incarceration. It is further admitted that said grievances speak for themselves as to their content and the dates submitted. Except as herein admitted, Section VII of Plaintiff's Complaint is denied. Section VII is specifically denied to the extent that it asserts or implies that Plaintiff has exhausted administrative remedies as required by law in connection with the claims asserted in this action against Defendant. Except as admitted herein, the allegations in Section VII, Exhaustion of Administrative Remedies, are denied.

## VIII. PREVIOUS LAWSUITS

Answering Section VIII, Previous Lawsuits, there are no allegations directed to Defendants; therefore, no response is required. To the extent a response is required, it is denied. By way of further explanation, Plaintiff's previous lawsuits include the following:

- 1:22-CV-885: Walker v. Wisdo (Middle District of North Carolina)

- 5:26-cv-0094-FDW: Walker v. Blackburn and Ellis (Western District of North Carolina)[2]

- 1:21-CV-96: Walker v. State of North Carolina (Middle District of North Carolina)

All the above actions were dismissed either pursuant to the Court's frivolity review, or for failure to comply with the Court's Order.

---

[2] This action involves the same parties and facts as the action at issue here. This action was dismissed upon the court's frivolity review.

4

## IX.   CERTIFICATION AND CLOSING

Answering Section IX, Certification and Closing, there are no allegations directed to Defendants; therefore, no response is required.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFF'S COMPLAINT [D.E. 1], INCLUDING THE RELIEF REQUESTED AND ANY ALLEGATIONS CONTAINED IN SUPPLEMENTS, EXHIBITS, AND ATTACHMENTS THERETO, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED.  FURTHER ANSWERING THE COMPLAINT OF PLAINTIFF AND AS FURTHER DEFENSES THERETO, ANSWERING DEFENDANTS PLEAD THE FOLLOWING:**

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted against Defendant, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant pleads this failure in bar of Plaintiff's claims against them.

### SECOND DEFENSE

To the extent Plaintiff seeks to recover money damages from Defendant in his official capacity, the immunity provided by the Eleventh Amendment to the United States Constitution and sovereign immunity bar the recovery of such damages.  The State of North Carolina has not consented to suit or otherwise waived such immunity.

### THIRD DEFENSE

Qualified immunity shields Defendant in his individual capacity from Plaintiff's claims against him for monetary damages, if any, as Defendant did not violate any clearly-established constitutional rights of which a reasonable person would have known.

## FOURTH DEFENSE

Defendant denies that he deprived Plaintiff of any right under the Constitution of the United States or other federal law. Plaintiff has failed to allege facts to support a finding that Defendant subjected them to a violation of Plaintiff's rights under the Constitution of the United States or other federal law. Plaintiff's Complaint, construed in the light most favorable to Plaintiff, as a matter of law, does not allege a violation of either the Constitution of the United States or other federal law by Defendant.

## FIFTH DEFENSE

No act or failure to act by Defendant was the proximate cause of the injuries or damages, if any, complained of by Plaintiff.

## SIXTH DEFENSE

Plaintiff's Complaint fails to allege sufficient facts to state a claim for punitive damages against Defendant, and Defendant pleads such failure in bar of any claim against them for punitive damages. Specifically, Plaintiff's Complaint fails to allege specific facts sufficient to make out the level of intentional or reckless disregard of injury, or evil motive or intent by Defendant required to support a

6

claim for punitive damages.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prison Litigation Reform Act. Plaintiff was required to exhaust his administrative remedies with the NCDPS/NCDAC in accordance with the Division of Prisons, Administrative Remedy Procedure ("ARP") policy, Chapter G, § .0300 *et seq.* Defendant specifically pleads Plaintiff's failure to exhaust all administrative remedies as a defense to all applicable claims asserted in this action. Defendant reserves the right to move to dismiss Plaintiff's Complaint for failure to exhaust the available administrative remedies pursuant to the NCDPS/NCDAC ARP. Likewise, Defendant reserves the right to move to dismiss Plaintiff's Complaint pursuant to the Three Strikes Provision 28 U.S.C. § 1915(g).

## EIGHTH DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims related to any allegations of negligent acts committed by Defendant, as a state employee, while acting within the course and scope of his employment with the NCDPS/NCDAC.

## NINTH DEFENSE

Defendant affirmatively asserts that he engaged in good faith efforts to comply with the law. To the extent that a reasonable accommodation could not be made, Defendant specifically pleads the affirmative defense of undue hardship.

7

## TENTH DEFENSE

To the extent that any injuries or damages did arise out of the facts alleged by Plaintiff, such injuries or damages arose out of Plaintiff's own actions or omissions, and thus Plaintiff failed to mitigate his damages, and Defendant pleads such failure as a bar to, or requiring a reduction of, Plaintiff's alleged damages.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and claim preclusion to the extent Plaintiff filed another lawsuit dealing with the same alleged facts involved in this action.

## TWELTH DEFENSE

Plaintiff's Complaint fails to allege sufficient facts to allow Defendant to determine all potentially applicable defenses at this time and, as such, Defendant reserves the right to amend this Answer to include further defenses.

WHEREFORE, having responded to the allegations of Plaintiff's Complaint [D.E. 1], and having asserted the above-noted defenses and immunities, Answering Defendant prays the Court as follows:

1. That Plaintiff's Complaint [D.E. 1] be dismissed with prejudice;

2. That Plaintiff have and recover nothing from Answering Defendant in this action;

3.   That costs of this action, including reasonable attorney's fees, be taxed

to Plaintiff;

4.   For a trial by jury of all issues so triable; and

5.   For such other and further relief as the Court deems just and proper.


Respectfully submitted this the 13th day of July, 2026.


**JOSHUA H. STEIN**

**ATTORNEY GENERAL**


/s/ J. Michelle Sawyer
J. Michelle Sawyer
Assistant Attorney General
N.C. State Bar No. 59745
N.C. Department of Justice
P.O. Box 629
Raleigh NC  27602-0629
Telephone:   (919) 716-6529
Facsimile:   (919) 716-6761
E-mail:  msawyer@ncdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that, on this day, I electronically filed the foregoing **ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court utilizing the CM/ECF system, and I further hereby certify that I mailed this document to the following non-CM/ECF participant, first-class United States Mail, postage prepaid, addressed as follows:

Christopher Teran Walker

#0661397

Eastern Correctional Institution

2821 Hwy 903 N

Maury, NC 28554

This the 13th day of July, 2026.

/s/ J. Michelle Sawyer
J. Michelle Sawyer
Assistant Attorney General

10